Morton J.
delivered the opinion of the Court.* This case formerly came before us upon a statement of facts reported by the presiding justice, and assented to by the parties, with an agreement that judgment should be entered upon nonsuit or default, according to the opinion of the Court upon those facts. The case was fully argued, and duly considered by *385 the Court, and an opinio» was given that the plaintiffs were not entitled to recover. 11 Pick. 79.
The ground of the decision was, that the facts reported showed a subsisting partnership between the plaintiffs and the defendants, and the suit not being for a final balance, could not be maintained. The partnership, relating to a single adventure, had '’•eased to exist except for the purpose of collecting its debts. But there being several debts due to the company, the whole or a part of which might be collected, it was very obvious that a judgment in this suit might not be a final settlement between these partners.
In the course of the reasoning on this subject it was intimated, that the existence of outstanding debts would not necessarily defeat an action of assumpsit between partners ; but that “ the plaintiffs might show that the outstanding debts of the partnership were incapable of collection ; and thus that the judgment rendered would make a final settlement between the partners. And in such case, especially if an assignment of all the outstanding debts were seasonably given or tendered to the other party, the action might be sustained.”
The soundness of this position is not called in question. When the debts are absolutely discharged by the bankrupt or insolvent laws of the place where the debtors reside, or by their death and insolvency, it is clear that they can form no obstacle to a suit by one partner against his delinquent co-partner. And in case of the entire inability of the debtors to pay, we can see no valid objection to the maintaining of the suit. But if there were any, a seasonable assignment of the debts would remove it.
On the first trial of this case the evidence showed that the outstanding debts of this partnership were of some value, and that a part of them probably might be collected. After the opinion was given and before the judgment was entered, the plaintiffs applied for a new trial for the purpose of disproving these facts and of showing that the outstanding debts of the company were of no value and could not, in any part, be collected. The Court, in their discretion, upon this ground and for this purpose, granted a new trial.
But upon a second trial, instead of attempting to establish *386 this point, the plaintiffs put their claim upon ground altogether new and inconsistent with that assumed in their application for a new trial.
They claimed to recover the balance of the loss upon the joint adventure, formed upon the assumption that all the debts were good and had been paid. This is clearly a different claim from the one originally made and to which the defendants had been required to answer. Non constat, if the suit had been for this claim only, that the defendants would not have paid it, without incurring the costs of this long litigation. The original balance, according to the account annexed to the writ, was formed of two items,—the deficiency of the net amount of sales to pay the cost and charges, and the loss by bad debts. The latter was very much the largest in amount.
It seemed to me, at the trial, very doubtful, whether the plaintiffs ought to be allowed to support their action on this ground. But as the objection related to form and rules of practice, rather than to the merits of the case, and as it seemed to me that the plaintiffs had a just claim against the defendants to some extent, I overruled the objection and allowed them to proceed in their action.
And upon a revision of the matter we are all of opinion that the course was very objectionable, especially as the defendants’ bail might be materially affected by it.
The original balance claimed was the amount of the loss on the adventure “ including bad debts.” And it was from the latter that the principal part of the loss arose. This was the plaintiffs’ specification of their demand ; to this were all the counts in their declaration adapted; and it was this which the defendants were notified to try, and to respond to this they procured bail.
Now the plaintiffs abandon this claim, and assume new ground inconsistent with it. They charge all the advances to the defendants, give credit for the net amount of sales, including debts unpaid as well as those paid, and claim to recover the balance thus made out.
Under the circumstances of the case, we think the plaintiffs ought not to have been allowed to do this. It was not for this purpose that they applied for a new trial. And had they *387 placed their application upon this ground, it cannot be known that it would have been granted. But it is highly probable that it would have been rejected, or only granted upon such terms as the Court might have thought proper to impose.
But we do not rest our decision merely upon a rule of practice. We are of opinion, that had this been the original cause of action, it could not have been sustained. This was virtually settled in the former decision. The balance demanded is not a final balance, within the true meaning of that judgment.
We lay out of the case the assignments which were offered to the defendants during the first and second trials. It was before decided that they could avail the plaintiffs nothing Their rights must be tried as they existed at the commence ment of the action. And it is not necessary to consider what effect a tender before the suit was brought would have had. We shall decide the case as if no such offer had been made.
The general question is, whether one partner, after the expiration of the joint concern, or even after dissolution, can, at any time, without any settlement, without any agreement with or notice to his copartner, by assuming all the outstanding debts, maintain assumpsit against him for any balance which may be due. We are of opinion that he cannot.
The debts are equally due to all the partners. One has no more control over them than another. And although each one may discharge them, yet no one can assume them to himself, or exercise any exclusive control over them, without the consent of the others. It is not within the terms of the general contract of partnership, that one partner should have a right, at his option, to deprive others of their authority over debts due to all. It would be to make a new contract for the parties, to which they never gave their assent.
A judgment for a balance thus made out would not transfer the outstanding debts from the defendants to the plaintiffs, or prevent the former from receiving payment and discharging any of them at their pleasure. This would create a new cause of action for every debt thus paid.
Besides, should the plaintiffs recover for the balance due upon the present statement of their account, and should any *388 •of the outstanding debts prove worthless, it is questionable whether the present judgment would bar another suit, for. the balance created by the loss of such debts. It would be apparent that the basis on which the balance was found had failed, and justice wotild seem to require that one half the loss should fall on the defendants.
Furthermore, the plaintiffs must collect the debts of the partnership in tb'3 names of all the partners. They would have a right to use the defendants’ names for this purpose. And they might bind the partnership for all the expenses incurred in the collection. Should suits be commenced and for want of proof, or for other cause, fail, the judgment for costs would be against all the partners" and the defendants might he compelled, on the execution, to pay the whole.
■ In many ways new balances might arise, which would give rise to new actions and thus create a multiplicity of suits. And in every view of the case which we have been able to take, we are well satisfied that the plaintiffs ought not to recover.[1]

Verdict set aside and new trial granted.

 Shaw C. J. did not sit in the case.

 See Clark v. Dibble, 16 Wend. 601; Gibson v. Moore, 6 N. H. R. 547; Chase v. Garvin, 1 Appleton, 211 ; Vinal v. Burrill, 16 Pick. 401; Dickinson v. Granger, 18 Pick. 315.